. May I? Good morning. If it pleases the court, my name is Greg Bartolome. I represent Mr. Benally in this appeal. We're here because we have an issue with Juror 25, who was one of the jurors in the case, Mr. Benally's case. This was a juror who went through the entire trial process, deliberated, rendered a guilty verdict, and it was then learned that she may have conducted a criminal background history check on Mr. Benally some time prior to having gone through this entire process. It appears to be the same criminal charge and the same Mr. Benally. Now, defense counsel did what he could at that time, which was Well, I don't know that he did what he could. Well Did he ask for a full hearing? Did he ask to present witnesses? Did he He was given an opportunity. He was given an evidentiary hearing, and that Juror 25 did in fact testify by And when he discovered that she had worked for a company that did this and had the name of the company, did he make any effort to discover whether she really had reviewed Mr. Benally's records? I believe that the full extent of the information he had was based upon her testimony and the information that she provided. Yes, but he said he did everything he could. You don't think he could have found out whether she really had reviewed Mr. Benally's records? And I Don't you think you'd have a better case if we knew that the juror had reviewed those records? I don't know about a better case, but I think in hindsight you are correct. I think more could have been done, but So we'll start out not saying that the lawyer did everything he could have done. I'll take that back, Judge. In opposing the motion for a new trial, as well as in this appeal, it appears that the government is incorrectly or unduly focused upon the question-and-answer aspect of both the voir dire and the post-verdict evidentiary hearing involving Juror 25. And we think, I think, the reason for that is that the government sees the issue and seeks to qualify the issue as one involving juror honesty or dishonesty. Unless, perhaps, because that's the way the issue was framed in the district court. That's correct, Judge, but I think the issue, I think that misses the point. The hearing, the defense lawyer said that there wasn't any question about the honesty. That's correct. The juror's testimony is truthful. Yes, Judge. In fact, he said that it did not appear to be a question of dishonesty of Juror 25. That's correct. But I still think it misses the point, because even at the district court level, what the district court should have focused on was the nature of the particular evidence that Juror 25 had, which was extraneous evidence. Well, no, you just slipped a cog there, because if the juror is credible and not dishonest, either in voir dire or during the evidentiary hearing, you can't say information she had. Well, Judge, if you're not sure what you're saying there, but you know, I may have conducted an investigation. My records that I checked don't show it, but I'm not sure that I did. But I just want to tell you, I may have. Well, Your Honor, since we're just remembered it after the trial, so nothing that I did, even if I did it, could have affected the trial. I understand. She said. Yes, Judge. That is correct, and I understand that. But I think we're dealing with a distinct issue.  There's other aspects, other things that have to be considered in the different tests. The question is whether this is extraneous evidence or whether it's implied bias. That's correct, Judge. Well, the reason I would say it's extraneous evidence is that it pertains to this particular defendant and to this particular crime. The first prong of the Tinsley case, which the district court quoted in its decision, and that's our Tinsley decision, says there are four circumstances for implied bias. The first is courts have found implied bias where the juror is apprised of such prejudicial information about the defendant that the court deems it, etc. So this would seem to fall within that rule of a case at best in which the juror is apprised of prejudicial information about the defendant. I think Tinsley can be distinguished, Judge, because you can know something about a defendant, such as a famous person who's going on trial, and not necessarily have specific information about the matter which is the subject of the litigation. And Tinsley did not address that. Tinsley dealt with a psychiatric social worker who didn't disclose the full extent of her work, and they made a whole argument. If Tinsley is applicable, do you lose? I think if Tinsley is applicable, if that's the sole test, then I think that we do. But I don't believe it's the sole test, because I think there's another test, and that's the reasonable possibility test. Which you did bring up to the district court. I'm sorry? Which you did not bring up in the district court. I don't believe that issue was brought up by trial counsel. Right. So even if it is an appropriate pigeonhole to put this problem into, even if, how is it how did the district court somehow plainly err by not saying this is an extrinsic information case, since extrinsic information cases involve the receipt of information during the course of a trial about a defendant? Because it involved a structural error if, in fact, a juror was biased, and our cases have long held that. That's not a juror wasn't biased. That's not an issue. And you don't appeal that. So there's no finding of actual bias. No, there is not. You just agreed with Judge Reinhart that there's no implied bias question under Tinsley. Right. So therefore, your entire pitch is that there is somehow plain error on receipt of extrinsic information, right? Yes. And because there was some, because it addresses an aspect, a Sixth Amendment concern, a due process concern, we believe it was incumbent, or I'm arguing, or urging that it was incumbent upon the district court to have looked at the evidence differently and to then have applied a different test. And that's the reasonable possibility test. And that was actually done in the SIA case, which was decided by this Court in 2001, where both tests were implied. There was an issue as to whether or not full disclosure had been made about jurors discussing a prior incident involving that defendant. And the judge, this Court first looked at it as under the McDonough case or test to see if, in fact, there had been jury misconduct. But then looked at it from the constitutional Sixth Amendment concern, which was whether or not it was, if it was extraneous information, was there a reasonable possibility that it had affected the verdict? The government, in our case, seems to completely ignore that test. Even in their in- Let's say the tests have been applied on the basis of this record. Why do you believe the outcome would have been different? The juror testifies, I didn't remember it. Everybody accepts that she didn't remember it during trial. The judge is very careful in the colloquy to say, did this all happen after the verdict? And she says, yes, I just, it came to me as I was driving home. Why do you think that if the district court had applied the test that you urge, that the outcome would have been any different? I don't know what the outcome would have been. I just believe that it was incumbent upon the court to ask the question. And it was incumbent- To ask what question? To explore that question, Judge. If there was a reasonable possibility, as to this juror herself, whether that information would have affected her verdict. What was the, I'm not, I'd still like to understand what the judge was supposed to do. I believe that there should have been a further exploration of why it took so long. And if not, that's- You're asking that there are more questions? Yes. Counsel was there. He was given a chance to follow up. He asked what question he wanted. Well, I am bound by what the record shows. But I believe that the district court had- A case of ineffective assistance of counsel? No, Judge. I don't see it that way at all. But I believe the court had it within his power to have explored the matter further and to have applied that test. So you don't think the lawyer should have asked, told the judge to ask more questions? You think the problem is the judge didn't on his own think of more questions to ask? I think everyone did not properly define that issue. Including the lawyer? Yes, Judge, to a degree. In any event- It is the lawyer's primary responsibility, not the judge's, to see that these questions are asked, isn't it? I understand, Your Honor. One other point I'd like to make, I know I'm running very short on time, is the shifting of the burden of proof. Under the reasonable possibility test, which I am urging the court that applied in this case, the burden should have been on the government to prove the absence of prejudice beyond a reasonable doubt. That was not done, and accordingly, we would ask for a reverse. Thank you, Judge. May it please the Court. I'm Diane Greer for the United States. I was counsel below. The evidence in this case that was before the district court is clear that the juror who testified at the hearing indicated that none of the evidence regarding her possible involvement in doing a background investigation of this defendant occurred before she left the trial, until after she had left the trial, was on her way home, recalled the defendant's name as a possible way, possible person that she had done a background investigation on during her employment. Let me ask you, would your view of this case be the same if the facts were that she had, in fact, done a background check on this defendant, found out that he had previously engaged in sexual molestation of a minor, and that she had been aware of that, and didn't think about it during the trial, and remembered it again after the trial? I'm sorry, I'm unclear what the juror was saying. Would your view be of the case, if the facts were that she had performed a background check on this defendant, and that she had found in that check that he had engaged in sexual molestation of a minor? Judge, I think that the case is a physical abuse case in this case. And there is no evidence that the defendant had actually engaged in prior conduct. It may have been, if she had even done a background investigation on this defendant, that this was the arrest for which she may have seen in the records. But her review of the records were that she did not even know. Benally is a very common name on the Navajo Reservation. And there's no evidence that she knew this defendant, that she had ever had any contact with this defendant, and that this was a total possibility. The question was a hypothetical question, not what actually happened. I said if she had performed a background check on this defendant and was aware of a record of sexual molestation. Judge, she indicated that there wasn't the – that even if she had done that, the only thing she would have known was – would have been that there was a prior possible child abuse on – during that background check. She had no information regarding that. And even in the Saya case, the Court indicated, as pointed out, that the Supreme Court indicated that a juror need not necessarily be dismissed, even if he had knowledge. Very powerful evidence. If she truly believed that he had been arrested previously for child molestation and carried that knowledge with her during trial, I mean, this would be an entirely different case. And you'd have to agree that at this point the juror ought to be dismissed and we ought to return. But, Your Honor, there's no evidence of that. No, no. I'm just saying you're answering what happened here. Judge Reinhart's asking a hypothetical question, and I am, too. I mean, there's no question, I think, that if this juror had done the background check, had found – had a recollection of an arrest which she believed to be a prior child molestation arrest, that that would be a completely different case that we would have to reverse. Wouldn't you agree? Potentially, yes. I think that had she had background information involving this defendant, specifically knowing that, yes. She did not. Had she had that – Suppose she had background information and didn't recall it during the course of the trial and remembered it after the trial. Where would we be then? The same place we are now. The question is whether or not there was any bias. And if she didn't remember it during the trial, she didn't have any knowledge of it during the trial, how could it have affected her verdict? I don't think that's the correct answer, because you would then be in implied bias land, wouldn't you? If she had any recollection, but if she did not remember any of this, you would be in that world. She would have it after the trial. I see. Don't worry about it. I mean, you're being asked a hypothetical case, and if you don't acknowledge a problem when a problem exists, it weakens the argument that you're making that there's no problem here. I agree, Judge, that had she had that knowledge and been aware of it during the trial, yes, there would have been an issue. That brings me to my question about how did this proceed from a motion for a new trial to a telephone call from the judge's chambers to the juror asking her some questions? How did that become the entire hearing in this case? Well, I believe that the issue was that the defendant wanted a hearing. The judge agreed to hold the hearing to determine what had actually happened, to find out from the juror specifically what the information was that she had imparted to counsel, which is why we ended up having the hearing. Right. But why not a full evidentiary hearing? Why this examination by the judge over a telephone with questions given by counsel? The reason that the нимost I don't think I've ever seen a case of alleged juror bias in which both counsel weren't afforded the opportunity. Examine the juror. We were afforded the opportunity. Both counsel were afforded the opportunity to examine the juror. The defendant of the juror lives in northern Arizona. The trial had occurred in Prescott. She had difficulty traveling. And both counsel agreed with, as did the Court, that this could appear, could, that the juror could appear telephonically. Right. But the Court did all the questioning. The Court did not do all the questioning. He allowed both counsel opportunity to question after he did. And both counsel had full opportunity to question her and ask a question. And defense counsel did, in fact, ask a question. I apologize. And defense counsel did, in fact, ask a question, right? The defense counsel did, as did the Governor. He asked her and he gave the judge a question. We talked initially about it. And then he turned it over to counsel to ask further additional questions. Did counsel quote directly to the juror? I don't recall specifically, Judge, whether or not they, I believe she was put on hold. The questions were asked and then the Court went ahead and asked the questions. I believe you may be correct. I don't believe either counsel. We had opportunity to form questions to provide to the Court. That is correct. But we were, both counsel were afforded the opportunity to provide the questions to the Court. But I believe it was the Court who actually did the questioning. Yes. That was the part I was curious about. I mean, I understand. I understood that counsel had an opportunity to submit questions, but. We did. And as I understand the record, nobody made any effort after that to find out whether she actually had reviewed the records. The government did not. And apparently. Neither did the judge and neither did defense counsel. In terms of trying to determine whether. What the facts were. Whether she had actually, whether she actually did have implied bias. I believe that what happened was that the juror indicated she had gone back over her own records and not found anything. No, she said she didn't have anything that would tell her. She doesn't have records of all of the people she checked. She said she went back over her records for the past six months. What did she say her records involved? What kind of records did she have? I don't believe that was clarified on the record. But I said nobody made an effort to determine whether she had, in working for this company, reviewed Mr. Benally's records. I believe that's correct. Which is what you would expect to happen at a full hearing, I would think. And, Judge, I think that at a full hearing, that may indeed have been the case. However, in this case, since she indicated that even had she done that at that point, that she had not recollected any of this during the trial and had no knowledge of that during the trial. That would have been an interesting issue if you had determined that she did review his records. And we were, as Judge Reimer says, in implied bias land. And then the witness says, well, I did know about his record, but I didn't think about it during the trial. It didn't occur to me. I remembered again after the trial. That would be an interesting issue. I agree. But the record that we have before us is that she's not sure she did this investigation. She's not sure she did that. That's all we have. That is correct, Your Honor. That's the record we have. In at least the extraneous information area, the most recent decision there, it says it's the duty of the judge to ensure that there's a full hearing. Do you think that applies in implied bias as well? I believe that the judge did hold a hearing. I believe that given the information that he had at the time with the record that we had, that the information we have regarding the juror, he did what he could to determine whether or not she had any knowledge during the trial. And I think that that's an important focus, is whether or not he did. Well, that is an issue. Did she have any knowledge during the trial? And, of course, as you said, you know, if she had knowledge before the trial and after the trial, then there's a question. We're in a different legal question as to whether the fact that he didn't consciously recall it during the trial, whether that gets her out of the implied bias problem. I think you're getting into the subconscious, you know, minds of jurors as to what they knew previously, remembered when. So maybe the rule should be then, maybe then the rule should be if you did have knowledge before the trial and after, that even if you didn't recall it, we should assume that knowledge continues. But I think the issue is judge whether or not there's any prejudice and whether or not it comes into play in the trial if a juror has no knowledge during the trial and during deliberations. And, again, this is bolstered by the fact as well that this was a split verdict. The jury found him not guilty on one of the two counts, not guilty on both counts. And I think had there been any impact on the verdict, the jury might have found him guilty on both counts. Do you think – let me get back to the question. I'm trying to recall which case it was, the recent one, Judge Fletcher wrote. It's Rosenthal. Rosenthal. Which says that there's a duty on the court to ensure full hearing. That's true, Judge. But Rosenthal applies to information that is extraneous. No, that's what I said. That's the extraneous information line of cases. Do you think that same rule should apply in implied bias cases? Not necessarily. I think the issue there – because, again, you run into the situation with the case with Rosenthal. Everything involving Rosenthal had information that was injected into the trial. Here we have a situation where it was not injected into the trial. And, again, getting into implied bias, how do you determine that? And you get into subconsciously, did the juror have any previous recollection? Is that why they call it implied bias? I apologize? Is that why they call it implied bias? It is implied bias, Judge. But the point is, how do you know that? When the juror testifies – No, because a presumptive – a relationship presumptively creates it. That's why you don't get into the subconscious. If it is implied bias, which, of course, is an issue that's not on appeal. But, again, you have to get to the basis of what that knowledge is as to whether or not there is actual implied bias. Did she have any knowledge? We have nothing in the record of support that she did. Well, we don't know, because she says, I'm uncertain. I tried looking through my records. I couldn't find anything. That's all we have. That's all. There was no further – there weren't any further questions on it as far as I can  That's correct. Thank you. Thank you, Counsel. Unless the Court has any other questions of me, I would submit. Thank you, Counsel.
judges: Reinhardt, Rymer, Thomas